AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>WAYNE GRIFFIES,<br><br>*Defendant(s)* | )<br>)<br>) Case No. 17-6046-BSS<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __February 1, 2017__ in the county of __Broward__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §841(a)(1) and (b)(1)(A)(viii) | Knowingly and intentionally possess with intent to distribute a Schedule I controlled substance, that is, 50 grams or more of methamphetamine. |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

*Complainant's signature*

Jamey Gavalier, Special Agent, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: Feb. 2, 2017

*Judge's signature*

City and state: Ft. Lauderdale, Florida

Barry S. Seltzer, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Jamey Gavalier, being duly sworn, state as follows:

1. I am a Special Agent with the Drug Enforcement Administration (DEA) and have been so employed since September 2014. I am currently assigned to the Miami Field Division. I am a law-enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code; that is an officer of the United States who is empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 18 and 21 of the United States Code. I have received extensive training in conducting narcotics investigations and identifying the means and methods used by narcotics traffickers. During my law enforcement career, I have also participated in the execution of several arrests and search warrants in narcotics cases. Much of this training and experience has been directed at the detection, investigation, seizure, and prosecution of individuals involved in the manufacture, possession, and distribution of controlled substances, including crystal methamphetamine, a schedule I controlled substance.

2. This affidavit is submitted in support of a criminal complaint charging **Wayne GRIFFIES (GRIFFIES)**. The facts contained herein are based on my personal knowledge or knowledge provided to me by other law enforcement agents or other credible sources of information. The information contained in this affidavit is submitted for the limited purpose of establishing probable cause for the issuance of a criminal complaint and arrest warrant against Wayne GRIFFIES for possession with intent to distribute five (5) ounces or more of methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1). Because this affidavit is being submitted for the limited purpose of establishing probable cause for the arrest of Wayne GRIFFIES, it does not contain all the information known to me regarding this

1

investigation.

3. In January 2017, law enforcement received information that Wayne GRIFFIES was distributing large amounts of crystal methamphetamine that in the Wilton Manors, Florida area. Law enforcement conducted surveillance to confirm this information.

4. On January 31, 2017, a confidential source (CS) contacted GRIFFIES and placed an order for six (6) ounces of methamphetamine.

5. On February 1, 2017, GRIFFIES confirmed that he would sell the six (6) ounces of crystal methamphetamine to the CS for $5,100 U.S. dollars. Later that day, GRIFFIES told the CS that he would only be able to deliver approximately five (5) ounces of crystal methamphetamine because he had already sold one ounce to another buyer. GRIFFIES told the CS to meet him at a laundromat, located at 3061 Oakland Park Boulevard, Wilton Manors, Florida. Within minutes of telling the CS to meet him at the coin laundry, law enforcement established surveillance in the vicinity of Wayne GRIFFIES' known place of residence, located at, 3009 N. Andrews Avenue, Wilton Manors, Florida, and in the vicinity of the aforementioned laundromat.

6. Law enforcement observed Wayne GRIFFIES exit his residence located at of 3009 N. Andrews Avenue, Apt. 1, Wilton Manors, carrying a large white bag. Wayne GRIFFIES entered the driver's side of a black Cadillac sedan and departed his residence followed by surveillance. During the course of the investigation, law enforcement learned that GRIFFIES' Florida Driver's License is suspended.

7. Surveillance units followed GRIFFIES to the parking lot of the aforementioned coin laundry. Law enforcement observed Wayne GRIFFIES exit the vehicle with the aforementioned large white bag and walk into the laundromat, followed by a Broward Sherriff's

Office detective on foot surveillance. Inside the laundromat, the BSO detective observed GRIFFIES place the large white bag on the laundry table before exiting the coin laundry. Upon exiting the coin laundry, GRIFFIES was approached by law enforcement. Law enforcement identified themselves and arrested Wayne GRIFFIES.

8. The large white bag contained approximately five (5) ounces of a glass-like substance which later field tested positive as crystal methamphetamine. Five ounces is equivalent to one hundred and fort-one (141) grams.

9. The events described above took place, in part, in Wilton Manors, Florida, which is within the Southern District of Florida. Based on the foregoing facts, your Affiant believes there is probable cause that on February 1, 2017, Wayne GRIFFIES knowingly and intentionally possessed with intent to distribute a controlled substance, that is, five (5) ounces or more of methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(viii).

FURTHER YOUR AFFIANT SAYETH NOT.

_____
Jamey Gavalier, Special Agent, DEA

Sworn to and subscribed
before me this 2ND day of February, 2017.

_____
THE HONORABLE BARRY S. SELTZER
UNITED STATES MAGISTRATE JUDGE

3